**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDITORIAL PLANETA MEXICANA, S.A. DE C.V., <br>            Plaintiff, <br> vs. <br> SHERRY ARGOV, <br>            Defendants | Case No. 2:11-cv-01375-GMN-CWH <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion to Extend Time for Service (#15), filed December 21, 2011; Defendant Sherry Argov's Response (#16), filed December 28, 2011; and Plaintiff's Reply (#17), filed January 6, 2012.

**BACKGROUND**

The complaint in this matter was filed on August 25, 2011, and a Summons issued that same day. (#1, #3). According to the complaint, Plaintiff is a book publisher that acquired rights to distribute two books authored by Defendant Argov. Specifically, Plaintiff alleges that it has the rights to distribute the translated Spanish language version of the book Why Men Marry Bitches under a 2006 contract with a termination date of June 23, 2013. Plaintiff also claims to have obtained the right to distribute the translated Spanish language version of the book Why Men Love Bitches under a 2009 contract that had a termination date of September 1, 2011.

Plaintiff alleges that on September 13, 2010, prior to termination of either contract, Defendant Argov unilaterally terminated both contracts. Plaintiff further alleges that, after unilaterally terminating the contracts, Defendant Argov "disparaged Planeta Mexicana repeatedly in the world press" causing further damage. Plaintiff seeks damages for (1) breach of contract and (2) defamation, libel, and slander. Plaintiff also alleges that it is the exclusive owner of the rights to the Spanish titles of the books and seeks a declaration, pursuant to 28 U.S.C. § 2201, that it owns the United States copyright in the Spanish

language titles to both books.

By way of the current motion, Plaintiff seeks an additional 120 days to accomplish service on Defendant Argov. Plaintiff notes that it has worked diligently since the inception of the case to accomplish service. Plaintiff states that, prior to filing the motion, it had attempted service on five different addresses throughout California and Nevada and, having been unsuccessful, hired a private investigator to find Defendant Argov. Plaintiff alleges that Argov, who has appeared in the case through counsel requesting that the case be dismissed or, alternatively, that a transfer of venue be granted, has been actively avoiding service. In addition to the requested extension, Plaintiff requests an order permitting service by publication of the summons and complaint in the Las Vegas Review Journal, a general circulation newspaper in the greater Las Vegas area.

Defendant Argov opposes the motion. She argues that Plaintiff has not been diligent in its effort to serve her and, therefore, there is not good cause for the extension. Although Argov refuses to provide her address, she concedes that she resides in California. She argues that Plaintiff is attempting to shift the blame for its failure to serve onto others because of a lack of diligence on its own part in effectuating service. She argues that because Plaintiff did not make an attempt to serve her for the ninety (90) days prior to filing this motion, there can be no question that Plaintiff was not diligent in its efforts. Argov denies any effort to evade service.

In reply, Plaintiff notes that Argov has argued the wrong motion, choosing to address the "minimum contacts" argument that is the subject of her motion to dismiss (#9) as opposed to whether there is good cause for the requested extension under Fed. R. Civ. P. 4(m). Whether Argov has the requisite "minimum contacts" for purposes of personal jurisdiction is not relevant to the question of whether Plaintiff has been diligent in its efforts to effectuate service. Plaintiff reiterates its argument regarding diligence, and also argues that, based on Argov's numerous filings in this matter through her counsel, she has appeared in the case.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made

> within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*. Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120days, and authorizes the court to releive a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, 2011 WL 383807 (D. Nev.) (citations omitted). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citation omitted). Here, the Court finds that Plaintiff has demonstrated good cause for an extension of the 120-day time period for extension.

Plaintiff's motion was filed prior to expiration of the original 120-day period. Prior to filing the motion, Plaintiff, through its process server, made multiple attempts to serve Defendant Argov. Plaintiff unsuccessfully attempted service at two separate addresses in Las Vegas. Thereafter, Plaintiff's investigation revealed that Defendant might be residing at a residence in Palm Springs, CA. Plaintiff unsuccessfully attempted to serve Defendant twice at the Palm Spring address. After the second attempt, a neighbor near the Palm Springs address informed Plaintiff's process server that Defendant resided in

Los Angeles, CA. Acting on the information, Plaintiff attempted service at an address in Marina Del Rey, CA. That attempt was also unsuccessful. Thereafter, on October 7, 2011, Defendant filed, through counsel, a motion to dismiss the case. Plaintiff unsuccessfully attempted to obtain Defendant's address for purposes of service from Defendant's attorneys in this case.

Based on Plaintiff's prior efforts at service, the Court finds that the failure to timely serve was not for lack of effort or diligence on the part of Plaintiff. Moreover, based on Defendant's motion to dismiss, she clearly has received notice of the lawsuit and will not be prejudiced if the extension is granted. The fact that her motion to dismiss challenges whether this Court has personal jurisdiction over her is irrelevant to whether an extension for service pursuant to Rule 4(m) is appropriate.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Motion to Extend Time for Service (#15) is **GRANTED**. Plaintiff shall up to and including Friday, April 20, 2012, to complete service. Plaintiff's request for service by publication under Rule 4(e) is **denied without prejudice**. If Plaintiff is unable to accomplish service in the time allotted, it is not precluded from renewing its request for an order under Rule 4(e).

DATED this 19th day of March, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**